# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

REGINALD NIX, JR.,

Defendant-Appellant.

UNPUBLISHED
November 20, 2014

No. 316649
Wayne Circuit Court
LC No. 10-008105-FH

Before: O'CONNELL, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of carrying a concealed weapon, MCL 750.227, possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, possession with intent to deliver marijuana, MCL 333.7401(2)(d)(iii), and possession of a firearm during the commission of a felony (felony-firearm) (second offense), MCL 750.227b. We affirm.

Around noon on July 19, 2010, two police officers from the Detroit Police Department saw defendant and a woman walking in the middle of the street, even though there was a sidewalk provided. Because that was a ticketable offense, they pulled up to defendant in their patrol car. The officers testified that they would ordinarily stop a person walking in the street and tell them to walk on the sidewalk. However, when one of the officers started to exit the vehicle, defendant took off running. The officer chased him and observed a gun fall from defendant's shorts onto the ground. While his partner retrieved the gun, he continued pursuit and eventually arrested defendant. In the search incident to arrest, the police located 22 "baggies" of marijuana in one of defendant's pockets and $124 in small bills. The police officers testified that the way the marijuana was packaged and the presence of the small bills were indicative of a narcotics sale.

Defendant moved to suppress the marijuana and requested an evidentiary hearing. Defendant argued that the marijuana should have been suppressed because it was seized subsequent to an illegal arrest because he was not standing in the street and because he did not have a gun. The police officers testified that defendant was standing in the street and had a gun. However, instead of holding the evidentiary hearing on the motion to suppress, the trial court found that an evidentiary hearing was not necessary because it was up to the jury to decide if the police officers' testimony was credible. Defendant argues on appeal that the trial court erred

-1-

when it refused to hold an evidentiary hearing to determine the disputed factual questions. We review a trial court's decision not to hold an evidentiary hearing for abuse of discretion. *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Id*. at 217. Assuming *arguendo* that the trial court erred in refusing to hold an evidentiary hearing, we conclude that the error was harmless. In this case, the jury convicted defendant of all of the firearm-related charges. Accordingly, the jury, after hearing the police officers' testimony that a gun fell from defendant's shorts and after hearing defendant's testimony that he did not have a gun, clearly found the police officers' testimony more credible than defendant's. Because the credibility issues in this case were resolved in favor of the police officers, there is no need to remand for an evidentiary hearing.

Defendant also argues that the trial court erred in failing to inquire into whether his request to give his own closing argument constituted an invocation of his right to self-representation. We disagree.

A defendant has the right to self-representation under the United States and Michigan Constitutions and by statute. *People v Dunigan*, 299 Mich App 579, 587; 831 NW2d 243 (2013). "To invoke the right of self-representation: (1) a defendant must make an unequivocal request to represent himself, (2) the trial court must determine that the choice to proceed without counsel is knowing, intelligent, and voluntary, and (3) the trial court must determine that the defendant's acting as his own counsel will not disrupt, unduly inconvenience and burden the court and the administration of the court's business." *Id*. (quotations omitted). Here, defense counsel merely stated that defendant "has indicated that he wants to give his own closing." Defendant acknowledges on appeal that this may have been a request to represent himself or it may have been a request for "hybrid" representation.[1] Accordingly, because there was no unequivocal request to represent himself, defendant is not entitled to relief on this issue.

Affirmed.

/s/ Peter D. O'Connell
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

---

[1] Hybrid representation is a form of representation where the defendant and his attorney share representation, but defendant controls trial strategy. *People v Dennany*, 445 Mich 412, 440 n 17; 519 NW2d 128 (1994). However, there is no absolute constitutional right to hybrid representation. *Id*. at 441-443.